IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CM TRUSTEE SERVICES INC., | ) | |
| | ) | Case No. 4:24-cv-00366-JMB |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JERRY L JAYCOX, | ) | |
| JASON JAYCOX, | ) | |
| LINDELL R. CARTER TRUSTEE FOR: | ) | |
| WAYNE DIELSCHNEIDER, | ) | |
| CAVALRY SPV I LLC, | ) | |
| MISSOURI DIV. EMPLOYMENT SECURITY,) | | |
| and | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT UNITED STATES' ANSWER TO PETITION INTERPLEADER**

The United States for its Answer responds to the numbered paragraphs of Plaintiff CM Trustee Services Inc. Petition in Interpleader as follows:

1.      *Plaintiff CM Trustee Services, Inc. ("CM") is a corporation, organized and existing under the laws of the State of Missouri and doing business in St. Louis County, Missouri.*

**ANSWER**:  The United States admits the allegations contained in paragraph 1 of the Plaintiffs' complaint.

2.      *Defendant Jerry L. Jaycox is an individual residing in Jefferson County, Missouri.*

**ANSWER**:  The United States admits the allegations contained in paragraph 2 of the Plaintiffs' complaint.

1

3.      *Defendant Jason Jaycox is an individual residing in Fenton, Missouri.*

**ANSWER**:  The United States admits the allegations contained in paragraph 3 of the Plaintiffs' complaint.

4.      *Defendant Lindell R. Carter is an individual and Trustee for Wayne Dielschneider.*

**ANSWER**:  The United States is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 4 of the Plaintiffs' complaint.

5.      *Cavalry SPV I, LLC is a Delaware limited liability company.*

**ANSWER**:  The United States admits the allegations contained in paragraph 5 of the Plaintiff's complaint.

6.      *Security Credit Services, LLC is a privately owned receivables purchasing company.*

**ANSWER**:  The United States admits the allegations contained in paragraph 6 of the Plaintiffs' complaint.

7.      *The International Revenue Service, as part of the United States, possess numerous Federal Tax Liens on the property known and numbers as 18 Gravois Road, Fenton, MO 63026.*

**ANSWER**:  The United States denies the allegations contained in paragraph 6 of the Plaintiffs' complaint. The United States avers that the Internal Revenue Service is an agency of the United States, that there are Federal Tax Liens that have attached to the property known as 18 Gravois Road, Fenton, MO 63206, and notices of those liens have been filed with the Recorder of Deeds for St. Louis County, Missouri.

8.      *On or about August 12, 2005, Jerry L. Jaycox and Patricia A. Jaycox (deceased) executed a Deed of Trust dated August 12, 2005, and recorder October 21, 2005 (the "Original*

2

*Deed of Trust"), on certain prope1ty known and number as 18 Gravois Road, Fenton, MO 63026 (the "Property"), to and in favor of The David A. Bush Revocable Living trust, dated December 11, 1990.*

**ANSWER**: The United States is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 8 of the Plaintiffs' complaint.

9. *The David A. Bush Revocable Living trust, original lender, assigned its rights under the Original Deed of Trust to Davene Bush Thurby, Kathryn A. Douglas, and Shirley A Bush, (together, the "Interim Lender") by a certain Assignment of Deed of Trust dated July 6, 2007, and recorded August 1, 2007 at Book 17631, Page 4367 of the Recorder's Office (the "First Assignment").*

**ANSWER:** The United States is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 9 of the Plaintiffs' complaint.

10. *The Interim Lender assigned its rights under the Original Deed of Trust to DAS Investments, LLC (the "Lender") by certain Assignment of Deed of Trust dated July 6, 2007, and recorded August l, 2007 at Book 17631, Page 4370 of the Recorder's Office (the "Second Assignment").*

**ANSWER**: The United States is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 10 of the Plaintiffs' complaint.

11. *The Second Assignment was re-recorded at Book 17667, Page 2939 in the Recorder's Office.*

**ANSWER:** The United States is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 11 of the Plaintiffs' complaint.

3

12.     *On August 14, 2020, Jerry L. Jaycox, Defendant, and Jason Jaycox, Defendant, along with Das Investments, LLC, caused a Fourth Amendment to the Promissory Note to be recorded (the "Amendment"), and recorded in the Recorder's Office on November 16, 2020 at Book 24259, Page 0258.*

**ANSWER**: The United States is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 12 of the Plaintiffs' complaint.

13.     *On or about April 28, 2008, Jerry L. Jaycox executed a Deed of Trust to Lindell R. Carter, Trustee for Wayne Dielschneider, recorded on May 2, 2008 in the Recorder's Office at Book 17880, Page 5090 ("Second Deed of Trust").*

**ANSWER**: The United States is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 13 of the Plaintiffs' complaint.

14.     *On or about November 22, 2013, Judgement was filed against Jerry L. Jaycox and in favor of Cavalry SPV I, LLC in St. Louis County, action styled Cause No. 13SL-AC26753.*

**ANSWER**: The United States admits the allegations contained in paragraph 14 of the Plaintiffs' complaint.

15.     *On or about July 28, 2014, Judgement was filed against Jerry L. Jaycox and in favor of Security Credit Services, LLC in St. Louis County, action styled Cause No. 14SL-AC01944.*

**ANSWER**:  The United States admits the allegations contained in paragraph 15 of the Plaintiffs' complaint.

16.     *In total, the Division of Employment Security has obtained nine (9) judgements against Jerry L. Jaycox from July 27, 2017, through July 23, 202 l. Each action styled, in chronological order, as follows: l7SL-TJ01109, 17SL-TJ02104, 18SL-TJ00658, 19SL-TJ00047, 19SL-TJ0181 l, 19SL-TJ04138, 20SL-TJ01320, 19SL-TJ04009, and 21SL-TJ01969.*

**ANSWER**:  The United States is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 16 of the Plaintiffs' complaint.

17.     *In total, the United States, by way of the IRS, has placed and sent notice of ten (10) federal tax liens from November of 2013 through September of 2023. These liens are all named and identified by their Federal Tax Lien Identifying Number: 43-1259140. An index each of the Federal Tax Liens place of recording and date of the notice is attached hereto as* **Exhibit A**.

**ANSWER**: The United States admits the allegations contained in paragraph 17 of the Plaintiffs' complaint.

18.      *On October 26, 2023, CM, in compliance with 26 CFR § 400.4-1, mailed to the Internal Revenue Service a Notice of Nonjudicial Sale of Property, and included all statutorily required documents.*

**ANSWER**:  The United States is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 16 of the Plaintiffs' complaint.

19.     *Pursuant to Mo. Rev. Stat. § 443.325, Mo. Rev. Stat. § 443.320, and all other applicable law, CM provided appropriate notice of the sale not less than twenty (20) days prior to its occurrence and set forth all notice requirements (the "Notice").*

**ANSWER**:  The United States is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 19 of the Plaintiffs' complaint.

20.     *CM further satisfied statutory publishing requirements by publishing the Notice in The Countian, a daily newspaper in St. Louis County, for twenty-one (21) consecutive days.*

**ANSWER**:  The United States is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 20 of the Plaintiffs' complaint.

21.     *On December 5, 2023, at 12:00 p.m. noon, at the St. Louis County Government Center Courts Building, CM did sell the Property for the sum of One Hundred Sixty-Five Thousand Dollars ($165,000), being the amount bid by the highest bidder.*

**ANSWER**:  The United States is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 20 of the Plaintiffs' complaint.

22.     *There exists a surplus in the amount of $47,044.32.*

**ANSWER**:  The United States is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 22 of the Plaintiffs' complaint.

23.     *There exist competing and unresolved claims from Defendants for the funds currently held in the trust account of CM, and CM is uncertain as to which party is entitled to payment. Because of these conflicting claims to payment of the funds, CM is exposed to multiple and conflicting liabilities.*

**ANSWER**: The United States admits the allegations contained in paragraph 23 of the Plaintiffs' complaint.  The United States further alleges that it has valid and subsisting tax liens attaching to all property and rights to property belonging to Jerry Jaycox, and as a result has a claim to the funds at issue in this suit.

24.     *CM is indifferent as to the payment of the claims to and among these prospective claimants.*

6

**ANSWER**: This is not a factual allegation but is a legal argument or conclusion to which no response is required. To the extent a response is required, the allegation is denied.

25.     *CM is ready, willing and able to deliver the funds held in its trust account to the Court or to such person or persons as the Court shall direct, upon being discharged from liability as to all prospective claimants*.

**ANSWER**:  This is not a factual allegation but is a legal argument or conclusion to which no response is required. To the extent a response is required, the allegation is denied.

26.     *Pursuant to Missouri law, as the stakeholder in this interpleader action, CM is entitled to its reasonable attorney's fees and its costs associated with the prosecution of this cause of action. See Production Credit Ass'n of St. Louis v. Bertram, 789 S.W.2d 173, 175 (Mo.App. 1990) (citing Northwestern National Insurance Company v. Mildenberger, 359 S.W.2d 380,387 (Mo.App. 1962)); and Section 507.060 RS.Mo*.

**ANSWER**: This is not a factual allegation but is a legal argument or conclusion to which no response is required. To the extent a response is required, the allegation is denied.  It is well established a Court may not award attorney fees to an interpleader plaintiff where the effect would be to diminish the amount recovered by the United States under a prior federal tax lien.  *See Millers Mut. Ins. Ass'n of Ill. v. Wassall*, 738 F.2d 302, 303 (8th Cir. 1984).

WHEREFORE, the United States of America respectfully prays that the Court enter judgment in its favor and against the Plaintiffs and grant the United States its costs and such other and further relief as the Court deems just and proper.

//

Dated:  May 09, 2024

SAYLER A. FLEMING
United States Attorney

DAVID A. HUBBERT
Deputy Assistant Attorney General

By    */s/ Alan D. Bailey*
ALAN D. BAILEY
Trial Attorney
United States Department of Justice
Tax Division
P.O. Box 7238
Washington, D.C. 20044
Telephone: (202) 514-6075
Fax: (202) 514-6770
Alan.Bailey@usdoj.gov

*Attorney for the United States*

8

**CERTIFICATE OF SERVICE**

I hereby certify that on May 9th, 2024, a true and correct copy of the foregoing United States' Answer, was filed with the Court via its CM/ECF system, and that copies of the same were sent via US mail to the following:

Jerry L. Jaycox
2508 Belmont Drive
High Ridge, MO 63049

Cavalry SPVI, LLC
c/o CT Corporation System
120 South Central Avenue
Clayton, MO 63105

Jason Jaycox
10 Eastview Drive
Fenton, MO 63026

Security Credit Service, LLC
Attention: William F. Whealen, Jr.
Miller and Steeno P.C.
13690 Riverport Drive
Maryland Heights, MO 63043

Lindell R. Carter,
Trustee for Wayne Dielschneider
1247 Victoria Xing
Festus, MO 63028

/s/ Alan D. Bailey
Alan D. Bailey
Trial Attorney, Tax Division
U.S. Department of Justice

9