UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CM TRUSTEE SERVICES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:24 CV 366 JMB |
| | ) |
| JERRY JAYCOX, JASON JAYCOX, LINDELL R. CARTER, CAVALRY SPC I, LLC, SECURITY CREDIT SERVICE, LLC, MISSOURI DIVISION OF EMPLOYMENT SECURITY, and UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff CM Trustee Services, Inc. Motion for Default Judgment (Doc. 17) and the Joint Motion for Settlement (Doc. 21). For the reasons set forth below, both Motions are **GRANTED**.

**I.   Background**

Plaintiff CM Trustee Services, Inc. filed a Petition for Interpleader on January 23, 2024, related to sale of real property located at 18 Gravois Road, Fenton, Missouri 63026 (the "Property") (Doc. 1-3). Defendants have, or have potentially, an interest in the proceeds from the sale of the Property, which occurred on December 5, 2023. The Property was sold in foreclosure for a total of $165,000.00 and resulted in a surplus of $47,044.32, which Plaintiff is holding in trust until the claims or potential claims of Defendants can be adjudicated.

On July 23, 2024, the Clerk of Court entered default as to Defendants Jerry L. Jaycox, Jason Jaycox, Lindell R. Carter (as Trustee for Wayne Dielschneider), Cavalry SPV I., LLC, and Security Credit Service, LLC (Doc. 19). The Clerk notes that summonses were served upon these

Defendants but that they failed to answer within the time allowed by Federal Rule of Civil Procedure 12. Plaintiff now seeks entry of default judgment against these Defendants, a judgment that would indicate they have no interest in the surplus funds from sale of the Property.

Defendant United States of America filed an Answer on May 9, 2024 (Doc. 10), and Defendant Missouri Division of Employment Security filed its Answer on June 27, 2024 (Doc. 16). Plaintiff and these Defendants have filed a stipulation agreeing that the surplus funds should be paid to the United States for unpaid federal employment taxes from December 2013 to December 2014 (Doc. 20).

## II.     Default Judgment

Federal Rule of Civil Procedure 55(b) permits the entry of default judgment by the Clerk for a sum certain or by the Court in all other cases. Default Judgment is rare and disfavored by the law. Belcourt Public School Dist. v. Davis, 786 F.3d 653, 662 (8th Cir. 2015). However, in this case, the grounds for default have been clearly established, there are no material facts in dispute, and Plaintiff is entitled to a speedy resolution of this matter. Id. (setting forth factors to consider). Accordingly, this Court finds that Defendants Jerry L. Jaycox, Jason Jaycox, Lindell R. Carter (as Trustee for Wayne Dielschneider), Cavalry SPV I., LLC, and Security Credit Service, LLC have no interest in the remaining funds from the sale of the Property and that Plaintiff is entitled to judgment against them.

## III.    Stipulation

The remaining parties, CM Trustee Services, Inc., the Missouri Division of Employment Security, and the United States of America have stipulated that the surplus funds from the sale of the Property should be distributed to the United States in payment for delinquent federal employment taxes. The parties represent that Jerry Jaycox, as the sole proprietor of United Glass

Company, which operated on the Property, failed to pay quarterly federal employment taxes in December, 2013, March, 2014, June 2014, September 2014, and December 2014, in the amounts of $8,459.38, $6,336.64, $6,465.29, $6,726.12, $3,784.03, respectively. Together with penalties and interest, the total amount due is $67,916.48. Sufficient notices and demands for payment were sent to Jerry Jaycox but payment was not made. Subsequently, a tax lien was placed on the Property pursuant to 26 U.S.C. § 6321. The parties agree that the United States' lien has priority over the claims of the Missouri Division of Employment Security.

Pursuant to the stipulation, the Court finds that the surplus funds held by Plaintiff shall be distributed to the United States of America.

## IV. Conclusion

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment (Doc. 17) is **GRANTED**. Judgment shall be entered in favor of Plaintiff and against Defendants Jerry L. Jaycox, Jason Jaycox, Lindell R. Carter (as Trustee for Wayne Dielschneider), Cavalry SPV I., LLC, and Security Credit Service, LLC. at the conclusion of this matter.

**IT IS FURTHER ORDERED** that Jerry L. Jaycox, Jason Jaycox, Lindell R. Carter (as Trustee for Wayne Dielschneider), Cavalry SPV I., LLC, and Security Credit Service, LLC have no interest in the surplus funds from the sale of the Property.

**IT IS FURTHER ORDERED** that the remaining Parties' Joint Motion for Settlement (Doc. 21) is **GRANTED**. The Stipulation signed by Plaintiff, the Missouri Division of Employment Security, and the United States of America is hereby **APPROVED**.

**IT IS FURTHER ORDERED** that (1) the United States has first priority to the excess funds that are the property of Defendant Jerry Jaycox, because its tax liens against Jerry Jaycox arose before other lien holders; (2) the Missouri Division of Employment Security's lien priority

is junior to the United States; and (3) the available excess funds from the foreclosure sale of the property will not fully satisfy the United States' liens.

**IT IS FURTHER ORDERED** that the surplus funds from the sale of the Property ($47,044.32) shall be distributed to the United States of America.   The funds shall be sent to:

| For regular United States mail delivery:<br>Department of Justice ATTN: TAXFLU<br>CMN 2024100356<br>P.O. Box 310 - Ben Franklin Station<br>Washington, D.C. 20044 | For courier (FEDEX, UPS, etc.) delivery:<br>Department of Justice ATTN: TAXFLU<br>CMN 2024100356<br>One Constitution Square Bldg.<br>1275 1st Street, NE, #11501<br>Washington, D.C. 20002 |
|---|---|

**IT IS FINALLY ORDERED** that Plaintiff, the Missouri Division of Employment Security, and the United States of America shall file a stipulation to dismiss within seven (7) days of the date of this Order.

Dated this 21st day of August 2024

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE